UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>THE ESTATE OF ROBERT MICHAEL SCHARRINGHAUSEN,<br><br>                  Defendant. | Case No.:  3:03-CV-551-W-MMP<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. 104-1]** |

Before the Court is a motion, filed by a pro se non-party to the case, Nancy Schaedler-Moore (the "Movant"), for leave to appeal in forma pauperis ("IFP").  Under Federal Rule of Appellate Procedure 24, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  Fed. R. App. P. 24(a)(1).  The Movant is self-represented and completed the Ninth Circuit's Form 4: Motion and Affidavit for Permission to Proceed in Forma Pauperis.  (Doc. 104-1 at 3.)  A notice of appeal (Doc. 104 at 2) and a Supplemental Declaration in Support of Motion to Proceed In Forma Pauperis on Appeal (Doc. 104 at 10–11) were also filed with the IFP motion.

A party moving to proceed in forma pauperis on appeal must file an affidavit that (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress;

1

and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Section 1915(a)(3) of Title 28 of the United States Code states that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is taken in good faith for purposes of proceeding in forma pauperis if at least one issue or claim is found to be nonfrivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" if it has "no arguable bases in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). Parties must present at least one non-frivolous issue or claim to justify that critical "good faith" finding. *See id.* For the following reasons, the Court concludes that Movant's appeal is not taken in good faith for purposes of proceeding in forma pauperis.

First, the Court lacks subject matter jurisdiction over Movant's challenges. Movant is not a party to this case. She lacks standing to challenge the tax liability of another taxpayer. *Al-Kim, Inc. v. United States*, 650 F.2d 944, 947 (9th Cir. 1979) ("Neither the Internal Revenue Code nor the decisions of this court support any right of third parties to contest the merits of a tax assessment."); *Graham v. United States*, 243 F.2d 919, 922 (9th Cir. 1957) ("[O]nly the taxpayer may question the assessment for taxes."); *Sweet v. Cardona*, 657 F. Supp. 3d 1260, 1277 (C.D. Cal. Feb. 24, 2024). The Court denied Movant's request to intervene or to stay proceedings pending appeal. (Doc. 103, 114.) Movant's statements under oath demonstrate that she is not a representative of the defendant estate. (Doc. 102 at 3, 102-1 at 11–12.) Movant is not otherwise a party to this case. (Doc. 102 at 3, 102-1 at 11–12, 41–43, 46–49, 104-1.) The Court lacks subject matter jurisdiction over Movant's third-party challenges to this case's tax judgment.

Second, there has been tremendous delay between the judgment in this case and Movant's challenges. This delay has been addressed by the Court in prior orders. (*See* Doc. 103, 114.)

Third, no cause of action or claim remains in this case to be decided. (Doc. 103.) Default Judgment was originally entered for the United States and against then-Defendant Scharringhausen in November 2003. (Doc. 16–17.) Scharringhausen later

3:03-CV-551

challenged the default judgment and appealed.  (*See*, *e.g.*, Doc. 36 –40, 43, 49, 60, 61.)  On March 7, 2007, the Ninth Circuit Court of Appeals panel entered its unpublished memorandum affirming this Court's denial of Scharringhausen's Rule 60(b) motion.  (*See* Doc. 92; *US v. Scharringhausen*, No. 05-55361 (9th Cir. Mar 7, 2007).)  The United States of America's judgment was effective for twenty (20) years and subject to one additional period of twenty years upon filing of a notice of renewal.  28 U.S.C. § 3201(c).  Nearly twenty years passed with no filings in this case.  On September 22, 2023, the United States filed a motion to reopen the case, to substitute as Defendant the Estate of Robert Michael Scharringhausen, and to renew the judgment lien.  (Doc. 93.)  The Court granted the motions and entered a renewed abstract of judgment notice on November 29, 2023.  (Doc. 95.)  There is nothing left for the Court to do in this case.  *See Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 183 (2014).

Based upon this procedural history, Movant's lack of standing, and the absence of any remaining causes of action or claims, the Court concludes that the appeal lacks any arguable basis in law or fact and is frivolous.  Accordingly, the appeal is not taken in good faith.  *Hooker*, 302 F.3d at 1092; *Allen v. Diaz*, No. 20-CV-1389, 2023 WL 6593834, at \*3, 2023 U.S. Dist. LEXIS 157461 (S.D. Cal. Sept. 5, 2023).

This legal conclusion is not made to belittle the subjectively difficult circumstances in which Movant finds herself related to facts underlying the other cases she has designated as related to this one.  *See United States v. Schaedler-Moore*, No. 24-CV-978 (S.D. Cal. 2024); *Schaedler-Moore v. United States*, No. 25-CV-3034 (S.D. Cal. 2025).  In the absence of a good faith basis for Movant's appeal, the Court makes no finding regarding Movant's ability to pay the filing fees on appeal.  This Order does not preclude Movant from moving to proceed in forma pauperis in the cases she has designated as related where, unlike here, she is a party.

//

//

3:03-CV-551

For the foregoing reasons, the Court **DENIES** the motion by Nancy Schaedler-Moore to proceed in forma pauperis on appeal.  (Doc. 104-1.)

**IT IS SO ORDERED.**

Dated:  April 29, 2026

_____
Hon. Thomas J. Whelan
United States District Judge

3:03-CV-551